# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD JEROME SMITH,**

        **Plaintiff,**

**v.**                                          **Case No:   6:16-cv-176-Orl-40GJK**

**LORETTA ANN GIBSON,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **February 2, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED, the complaint be dismissed, and the case be closed**.

## I. BACKGROUND.

On February 2, 2016, Plaintiff filed what appears to be his eighth (8) complaint (the "Complaint"), which has included claims against Loretta Ann Gibson. Doc. No. 1.[1] The Complaint is handwritten, largely unintelligible, contains no basis for the Court to exercise subject

---

[1] *See Smith v. Gibson, et. al.*, No. 6:16-cv-193-Orl-41DAB, Doc. No. 3 (M.D. Fla. Feb. 10, 2016); *Smith v. Gibson, et. al.*, No. 6:15-cv-110-Orl-41DAB, Doc. No. 3 (M.D. Fla. Feb. 3, 2015); *Smith v. Gibson*, et. al., No. 6:13-cv-1865-Orl-31KRS, Doc. No. 4 (M.D. Fla. Dec. 9, 2013); *Smith v. Gibson, et. al.*, No. 6:14-cv-484-Orl-22KRS, Doc. No. 3 (M.D. Fla. Apr. 18, 2014); *Smith v. Melbourne Police Dep't, et. al.*, No. 6:14-cv-292-Orl-28KRS, Doc. No. 2 (M.D. Fla. Feb. 25, 2014); *Smith v. Melbourne Police Dep't, et. al.*, No. 6:13-cv-1812-Orl-18DAB, Doc. No. 4 (M.D. Fla. Dec. 2, 2013); *Smith v. Clerk, et. al.*, No. 6:13-cv-1734-Orl-28GJK, Doc. No. 2 (M.D. Fla. Feb. 27, 2014).

matter jurisdiction, and requests no specific relief other than the Court enter an order "stop[ping] all the hikers around Melbourne, Florida." Doc. No. 1 at 2. Based upon Plaintiff's prior claims against Ms. Gibson, including Plaintiff's most recently filed claim in No. 6:16-cv-193-Orl-41DAB, it may be that Plaintiff is attempting to sue Ms. Gibson for falsely accusing Plaintiff of assault and battery, and for the theft of Plaintiff's property arising from an incident occurring on or about November 1, 2013. *See* Doc. No. 1 at 2 in No. 6:16-cv-193-Orl-41DAB. What is clear is that each of Plaintiff's prior claims against Ms. Gibson have been dismissed without prejudice for filing an unintelligible complaint and/or failing to file a motion to proceed *in forma pauperis* on a proper form. *See supra* n.1.

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* (the "Motion"). Doc. No. 2. The Motion is a handwritten and is not on the proper form. Doc. No. 2. For the reasons set forth below, it is **RECOMMENDED** that the Court **DENY** the Motion, **DISMISS** the Complaint, and direct the Clerk to **CLOSE** the case.

## II.    THE LAW.

### A.  The Statute and Local Rules.

The United States Congress has required that the district court review[2] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)  the allegation of poverty is untrue; or
>     (B)  the action or appeal --

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07 (a).

>    (i)   is frivolous or malicious;
>    (ii)  fails to state a claim on which relief
>          may be granted; or
>    (iii) seeks monetary relief against a
>          defendant who is immune from
>          such relief.

28 U.S.C. § 1915(e)(2) (2010) (formerly § 1915(d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

   B.   **Discretion Under 28 U.S.C. § 1915.**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[4] The pauper's affidavit should not be a broad

---

[3] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

highway into the federal courts.  *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### III.  ANALYSIS.

Plaintiff is a frequent filer with this Court, who has repeatedly received thorough instructions on the requirements of filing a proper complaint and a motion to proceed *in forma pauperis*.  *See supra* n.1.  In this case, the Complaint fails to comply with the rudimentary requirements of Rule 8, Federal Rules of Civil Procedure.  As such, the Complaint is due to be dismissed.  Based on his the pleading at issue and Plaintiff's unsuccessful attempts to pursue similar claims, the undersigned is convinced that leave to amend in this case would be futile.  *See supra* n.1.  Accordingly, it is **RECOMMENDED** that the Court enter an order:

1. **DENYING** the Motion (Doc. No. 2);
2. **DISMISSING the case without prejudice**; and
3. **DIRECTING** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

- 5 -

**Recommended** in Orlando, Florida on February 22, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy